IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

In re Application of:

Telehealth Products Corporation Ltd.,

Applicant.

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN TRIBUNAL**

Applicant Telehealth Products Corporation Ltd. ("Telehealth") respectfully applies for an order under 28 U.S.C. § 1782 to obtain certain limited discovery from Kinsman Enterprises, Inc. ("Kinsman"), an Illinois corporation, for use in court proceedings in Xiamen, People's Republic of China.[1] This limited discovery is vital to Telehealth's ability to prosecute its actions pending in China.

As discussed in detail in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-48 (2004), Section 1782 provides for broad federal-court assistance in gathering evidence—both documents and testimony—for use in foreign tribunals. In *Intel*, after noting the continuing historical trend of expanding statutory support for evidence gathering to assist in foreign litigation, *id*., the Supreme Court confirmed and effectuated the broad purposes of

---

[1] This application may be filed *ex parte. See e.g.*, *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115, at *3 (N.D. Ill. Aug. 7, 2017); *In re Application of Bayer Healthcare LLC,* No. 14 C 3918, 2014 WL 2801206, at *2 (N.D. Ill. June 19, 2014); *In re IKB Deutsche Industriebank AG*, No. 09-CV-7852, 2010 WL 1526070, at *1 (N.D. Ill. Apr. 8, 2010). *See also In re Chevron Corp.,* No. 1:10-MI-0076-TWT-GGB, 2010 WL 8767265, at *5 (N.D. Ga. Mar. 2, 2010) (Section "1782 *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (citation omitted).

KH605586.DOCX

Section 1782. *Id.* at 264-65 (rejecting any "categorical limitations" on permitted Section 1782 discovery). Because Telehealth satisfies the statutory elements to obtain Section 1782 discovery and because each *Intel* factor favors this Court's exercise of its discretion, Telehealth respectfully requests that the Court grant the Application.

## FACTUAL BACKGROUND

Telehealth is a Hong Kong company that manufactures various medical devices, including an automatic pill dispenser that helps dementia patients and their caregivers improve the management of pharmaceutical treatments. (*See* Decl. of K. Caplan ("Caplan Decl.") ¶ 3, attached hereto as Exhibit 1.) The automatic pill dispensers are sold throughout the world and in the United States. (*Id.*) In 2014, Telehealth entered into a contract with Xiamen Turnsure Electronic Technology Co. ("Turnsure") for engineering design and mass manufacturing of automatic pill dispensers. (*Id.* ¶ 4.) Pursuant to the contract, Telehealth shared its proprietary technology and design with Turnsure, and Turnsure agreed to protect the intellectual property of Telehealth, and not to circumvent Telehealth with respect to sales of the products to third parties. (*Id.*) Notwithstanding the contract and in contravention of Chinese laws protecting business secrets and prohibiting unfair competition, Turnsure, along with executives of Turnsure, refused to return the proprietary information of Telehealth and formed a new company, Xiamen Zayata Technology Inc., that directly competes with Telehealth and manufactures automatic pill dispensers ("Illegitimate Product") using Telehealth's proprietary technology. (*Id.*) These individuals even applied for patents based on Telehealth's proprietary technology. (*Id.*)

Telehealth initiated litigation on December 12, 2019 and July 9, 2020 in two separate actions in the Intermediate People's Court of Xiamen Municipality in the People's Republic of China, alleging breach of contract, unfair competition, and infringement of business secrets. (*See*

Caplan Decl. Ex. A (Letter of Zhuang Ruiming, Chinese Counsel for Telehealth) (hereinafter "Ruiming Letter") and Ex. B (English Translations of Civil Complaints filed by Telehealth in the Intermediate People's Court of Xiamen Municipality) (hereinafter "Xiamen Complaints").) The defendants in the Xiamen, China litigations are as follows: Xiamen Turnsure Electronic Technology Co., Xiamen Zayata Technology Inc., Hua Hui (also known as Phillip Hwa and James Hwa) and Wang Zhiping (collectively, the "Chinese Defendants"). (Xiamen Complaints.)

Telehealth believes that Kinsman is distributing Illegitimate Product in the United States on behalf of the Chinese Defendants. (Caplan Decl. ¶ 7.) Telehealth seeks limited discovery from Kinsman to discover whether this is the case and to what extent it has occurred. Telehealth attaches a draft subpoena for use if this Court grants its application. (*See* Ex. 2 hereto.) In essence, Telehealth seeks sales records of products similar to its proprietary automatic pill dispensers, and communications between employees at both companies. The document requests are narrowly tailored to obtain only information relevant to the pending litigation in China.

Telehealth seeks the assistance of this Court, which alone has jurisdiction over Kinsman and the ability to authorize the production of documents necessary to further Telehealth's claims.

## ANALYSIS

A. **Telehealth's Application Satisfies the Requirements of Section 1782.**

Discovery for use in a foreign tribunal is authorized under 28 U.S.C. § 1782(a), which provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, . . . . The order may be made . . . upon the application of any interested person and may

> direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (emphasis added). As relevant here, Section 1782 requires that: "(1) the discovery is sought from a person found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the applicant is an 'interested person' before such foreign tribunal")." *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115, at *3 (N.D. Ill. Aug. 7, 2017). If those elements are met (as they are here), the district court has jurisdiction and authority to order the discovery requested. *In re Application of Bayer Healthcare LLC*, No. 14 C 3918, 2014 WL 2801206, at *2 (N.D. Ill. June 19, 2014).

1. <u>Kinsman is found in this District.</u>

A United States District Court may compel discovery from a person or entity that "resides" or "is found" in that district. 28 U.S.C. § 1782(a). This Application seeks discovery from Kinsman. Kinsman is registered as an Illinois corporation and is found in this District conducting business from its principal office at 10804 Mark Twain Road West Frankfort, Illinois 62896. Telehealth has thus satisfied the first element.

2. <u>The evidence is for use in a proceeding before a foreign tribunal.</u>

As discussed above, Telehealth is presently litigating a theft of trade secrets and breach of contracts action against the Chinese Defendants in Xiamen, China. Telehealth believes that the Chinese Defendants are distributing Illegitimate Product that infringes upon Telehealth's intellectual and contractual property rights through Kinsman to the United States market.

The civil law courts of the Xiamen, China, which are traditional judicial bodies, easily qualify as foreign tribunals under Section 1782. *In re Ex Parte Application of TPK Touch Sols.*

*(Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (holding "actions before the People's Courts in China constitute foreign tribunals for purposes of Section 1782."). Indeed, the United States Supreme Court has stressed the breadth of the word "tribunal" in Section 1782. *See Intel*, 542 U.S. at 248-49; *In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 685 F.3d at 995.

For this Court to grant its Application, Telehealth need not prove that the evidence it seeks will ultimately be admissible, *In re Application of Imanagement Servs.*, No. Misc. 05-89, 2005 WL 1959702, at *2, 5 n.4 (E.D.N.Y. Aug. 16, 2005)—just like American litigants do not need to demonstrate the ultimate admissibility of evidence before conducting discovery, *see* Federal Rule of Civil Procedure 26(b)(1). This Court need not and should not weigh the ultimate admissibility of this evidence because the Chinese court, which can always choose to exclude the evidence should it deem the fruit of this discovery request "unwanted," is in a better position than this Court to make that determination. *In re Application of Imanagement Servs.*, 2005 WL 1959702, at *5. Telehealth has thus satisfied the second statutory element.

    3.    <u>Telehealth is an "interested person" under the statute.</u>

Telehealth is an "interested person" under 28 U.S.C. § 1782(a) because it is a party to the foreign litigation for which it seeks discovery. *See Intel*, 542 U.S. at 256 (holding that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782" but that the scope of interested persons is even broader). Because Telehealth is an "interested person" under Section 1782, this court does not need a foreign letter rogatory to grant this Application. 28 U.S.C. § 1782(a) ("The order may be made pursuant to a letter rogatory issued, **or** request made, by a foreign or international tribunal or upon the application of any interested person.") (emphasis added).

B. **Each element of the Supreme Court's *Intel* test weighs in favor of granting this Application.**

Telehealth's Application not only satisfies each of Section 1782(a)'s statutory requirements, but each of the discretionary factors identified in the Supreme Court's *Intel* decision also firmly support granting this Application. *See Intel,* 542 U.S. at 264-66. The discretionary factors are:

> (1) whether the person from whom discovery is sought is a participant in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is unduly intrusive or burdensome.

*London v. Does 1-4,* 279 Fed. App'x 513, 515 (9th Cir. 2008) *(quoting Intel,* 542 U.S. at 264-66); *see also In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115, at *3 (N.D. Ill. Aug. 7, 2017).

1. Kinsman is not a participant in the foreign proceeding.

The first *Intel* factor is whether the person from whom discovery is sought is a participant in the foreign action. *See* 542 U.S. at 264. When the person from whom discovery is sought is a party to the foreign proceedings, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad" because the foreign tribunal would, presumably, have the power to command the production of evidence from parties appearing before it. *Id.*

Kinsman is not a party to the Chinese proceedings. *See* Ruiming Letter. Unlike the discovery target in *Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621, 623 (8th Cir. 2016), the foreign court does not have the power over a U.S. entity such as Kinsman and cannot

compel it to produce evidence. *See* Ruiming Letter. Thus, the first *Intel* factor weighs in favor of granting this Application.

  2. <u>The Intermediate People's Court of Xiamen Municipality and the laws of the People's Republic of China are not hostile to the relief that Telehealth seeks.</u>

The second Intel factor states that "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Naturally, where discovery pursuant to Section 1782 will produce information that is relevant to the foreign dispute, as here, it is more likely that the foreign court would be "receptive" to such evidence. *See In re Servicio Pan Americano de Protection*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (granting discovery request under Section 1782 based in part upon the court's finding that "the discovery Pan Americano is seeking would be readily available and relevant to the [foreign] litigation"). Indeed, because Section 1782 discovery provides the foreign tribunal with additional discovery that it can permit or reject, the grant of a Section 1782 application can only help a foreign tribunal.

> Discovery in the federal court system is far broader than in most (maybe all) foreign countries, and it may seem odd that Congress would have wanted foreign litigants to be able to take advantage of our generous discovery provisions. The stated reason was by setting an example to encourage foreign countries to enlarge discovery rights in their own legal systems . . . . That might benefit U.S. litigants in those countries. And since the foreign court could always exclude the fruits of U.S. discovery, it seemed that allowing such discovery could only help, and not hurt, the foreign tribunal.

*See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) (Posner, J.). Nor even does a perception (absent here) that the foreign court does

KH605586.DOCX        7

not "need or want" the requested discovery require the denial of an Application. *See In re Chevron Corp.*, 709 F. Supp. 2d 283, 292 n.51 (S.D.N.Y. 2010) (noting that the European Commission involved in the seminal Intel case did not "need or want" U.S. federal court assistance).

Here, no Chinese laws outlaw the collection of evidence with the assistance of a foreign country. *See* Ruiming Letter. Moreover, nothing suggests that the Chinese court and laws would be unreceptive to the taking or consideration of evidence obtained in the United States. *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016) (granting 1782 discovery where "there is also no evidence suggesting that either the People's Court or the Chinese Patent Office would 'be unreceptive' to the discovery TPK seeks.").

The information sought by Telehealth is necessary to the prosecution of its causes of action before the Chinese courts and is not otherwise available. Chinese courts have no authority to compel Kinsman to respond to produce documents because it resides outside the jurisdiction of those tribunals. *See* Ruiming Letter. Therefore, Telehealth relies on this 1782 application as the only mechanism to obtain discovery from Kinsman, who resides and does business in this district and over which this Court has jurisdiction. *See*, *e.g.*, *London*, 279 Fed. App'x at 515 (holding that second *Intel* factor was met where the evidence sought was critical, including because it was needed to defend against allegations of fabrication).

Absent "authoritative proof" through declarations by China's executive, legislature, or judiciary "specifically address[ing] the use of evidence gathered under foreign procedures," United States courts should defer to the equitable and efficacious Section 1782 discovery procedure enacted to benefit foreign litigants and tribunals. *See Euromepa S.A. v. R. Esmerian,*

*Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (emphasis added); *In re Application of Imanagement Servs., Ltd.*, 2005 WL 1959702, at *3. Moreover, district courts across the United States have previously granted a Section 1782(a) application for use in a Chinese forum on many occasions. *See, e.g.*, *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 906719, at *15 (N.D. Cal. Feb. 25, 2020); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *4 (N.D. Cal. Nov. 17, 2016); *Ex parte Application of Am. Petroleum Inst. for Order to Obtain Discovery for Use in Foreign Proceedings*, No. C 11-80008 JF PSG, 2011 WL 10621207, at *3 (N.D. Cal. Apr. 7, 2011); *In re Application of Carsten Rehder Schiffsmakler Und Reederei Gmbh & Co.*, No. 6:08MC108-ORL-35DAB, 2008 WL 4642378, at *2 (M.D. Fla. Oct. 17, 2008).

Last, because the requested discovery is narrowly tailored and will aid, and in no way hinder, the Chinese court's adjudication of Telehealth's claims, the Chinese court will be "receptive" to the requested discovery. *See Intel*, 542 U.S. at 265 (noting that Section 1782 relief should be granted where the requested discovery would be of assistance in the foreign proceeding). This factor therefore also weighs in favor of granting this Application.

    3.    <u>Telehealth has not filed its Application to circumvent any Chinese law, rule, or ruling.</u>

Telehealth has not filed this Application for an improper purpose or to circumvent any law, rule, or ruling by any Chinese court about the evidence at issue. *See* Ruiming Letter. Rather, Telehealth seeks information that is directly relevant to the protection of its business secrets and financial assets, which are the subject of the legal proceedings in Xiamen, China. Without Section 1782 relief, Telehealth will have no avenue to obtain information possessed by

the Southern District of Illinois resident about its assistance and interaction with the Chinese Defendants.

The discovery sought would not be contrary to any Chinese law, rule or ruling and is not an attempt to circumvent any restrictions on proof gathering under Chinese law.  *See* Ruiming Letter.  Numerous courts have found that Section 1782 discovery would not circumvent discovery in Chinese courts.  *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016) ("TPK asserts that there are no Chinese restrictions or policies that would prohibit seeking discovery of documents requested by the subpoena, and the discovery sought is consistent with the type of discovery available in the Chinese proceedings"); *Ex parte Application of Am. Petroleum Inst. for Order to Obtain Discovery for Use in Foreign Proceedings*, 2011 WL 10621207, at *2 (N.D. Cal. Apr. 7, 2011) ("API represents that no such restrictions or policies exist and the requested discovery is consistent with the type of discovery available in the Chinese proceedings.  Accordingly, this factor weighs in API's favor.").

This factor therefore also weighs in favor of granting this Application.

4. <u>The Application and discovery requests are narrowly tailored, not overly intrusive or burdensome, and are subject to the Court's review.</u>

Section 1782 provides that the district court may grant discovery in accordance with the Federal Rules of Civil Procedure, which in turn permit parties to obtain discovery regarding any nonprivileged matter that is relevant.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.

1992) ("Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence."). As discussed above, although this broad mandate would authorize discovery well beyond what Telehealth is presently seeking, Telehealth has narrowly tailored its proposed discovery requests to confirm that Kinsman is distributing the Illegitimate Products of the Chinese Defendants.

## RELIEF REQUESTED

For the foregoing reasons, Telehealth respectfully requests that the Court grant its Application and enter an Order (1) authorizing Telehealth to issue a subpoena directing Kinsman to produce the documents within 30 days of service of the subpoena upon them, and (2) for such other and further relief as the Court deems just and proper. A Proposed Order is attached hereto as Exhibit 3.

Respectfully submitted this 24th day of August, 2020.

      **/s/ Janaki Nair**
      Janaki Nair
      Illinois Bar No. 6278112
      **ELIAS, MEGINNES & SEGHETTI, P.C.**
      416 Main Street, Suite 1400
      Peoria, Illinois 61602-1611
      Telephone: (309) 637-6000
      Facsimile: (309) 637-8514
      jnair@emrslaw.com

      Kana A. Caplan*
      Georgia Bar No. 621805
      Christopher E. Adams*
      Georgia Bar No. 789600
      **KREVOLIN AND HORST, LLC**
      One Atlantic Center
      1201 W. Peachtree Street, NW, Suite 3250
      Atlanta, GA 30309
      Telephone: (404) 888-9700
      Facsimile: (404) 888-9577

caplan@khlawfirm.com
adams@khlawfirm.com

*Attorneys for Applicant Telehealth Products Corporation Ltd.*

*\*Pro Hac Vice Applications Forthcoming*